IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH A. HULLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-01810 |
| ) | |
| THE LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA, a subsidiary of ) | |
| CIGNA CORPORATION, ) | |
| and ) | |
| ) | |
| SHCHLUMBERGER LONG TERM ) | |
| DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Schlumberger Long Term Disability Plan (the "Plan") and the Life Insurance Company of North America ("LINA") [collectively, "Defendants"] file this Answer to Plaintiff's Complaint.

**Limited General Denial**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

**Answer**

1. Defendants admit that that Plaintiff purports to seek the relief described in paragraph 1 of the Complaint but deny that he is entitled to any such relief.

2. Defendants admit that the Court has jurisdiction over Plaintiff's claims.

1

3.	Defendants admit that venue is proper in this Court.

4.	Defendants admit that in paragraph 4 of the Complaint Plaintiff purports to have his right to past and future benefits under the terms of the Plan clarified, to seek reinstatement of benefits and back benefits due, and to seek attorneys' fees and costs. Defendants deny that Plaintiff is entitled to any such relief.

### Parties

5.	Defendants admit that Plaintiff is an adult but have insufficient information to admit or deny the remaining allegations in paragraph 5 of the Complaint.

6.	Defendants deny the allegations in paragraph 6 of the Complaint.

7.	Defendants have insufficient information to admit or deny the allegations in paragraph 7 of the Complaint.

### The Disability Contract

8.	Defendants have insufficient information to admit or deny the allegations in paragraph 8 of the Complaint.

9.	Defendants admit that pursuant to its terms, the Plan pays disability benefits.

10.	Defendants admit that in paragraph 10 of the Complaint Plaintiff has correctly defined "When Disability Benefits End" according to the Summary Plan Description ("SPD"). Defendants deny that "Active Service" is a defined term in the SPD.

### Plaintiff's Disability Claim

11.	Defendants have insufficient information to admit or deny the allegations in paragraph 11 of the Complaint.

12.	Defendants have insufficient information to admit or deny the allegations in paragraph 12 of the Complaint.

13. Defendants have insufficient information to admit or deny the allegations in paragraph 13 of the Complaint.

14. Paragraph 14 does not exist in the Complaint.

15. Defendants admit that Plaintiff filed an appeal of the denial of his benefits under the Plan.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants have insufficient information to admit or deny the allegations in paragraph 18 of the Complaint regarding Prudential and deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants have insufficient information to admit or deny the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff has exhausted his administrative remedies under the Plan but deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants provided Plaintiff with requested documents and have insufficient information to admit or deny the allegations in paragraph 23 of the Complaint regarding Prudential.

**Requested Relief**

24. Defendants admit that in paragraph 24 of the Complaint Plaintiff requests that this Court review the denial of benefits in this case. Defendants deny that Plaintiff is entitled to any relief requested and that Plaintiff is female.

25. Defendants admit that in paragraph 25 of the Complaint Plaintiff seeks attorneys' fees and costs but deny that he is entitled to such relief.

26. Defendants admit that in paragraph 26 of the Complaint Plaintiff seeks penalties from Prudential but deny that Plaintiff is entitled to any such penalties from Defendants.

27. Defendants deny that Plaintiff is entitled to any relief in this case.

### Defenses

1. Plaintiff fails to state facts sufficient to constitute a cause of action and/or fails to state a claim upon which relief can be granted.

2. Defendants assert that the terms of the Plan at issue were not breached, but were complied with in all material aspects.

3. Plaintiff's claims are barred because the decision with respect to Plaintiff's claim for benefits was not arbitrary, capricious, unreasonable, made in bad faith, or the result of an abuse of discretion. Moreover, any contractual or other duties to Plaintiff under the Plan have been performed in good faith.

4. Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, and exclusions of the Plan.

5. To the extent that Plaintiff may have failed to exhaust administrative remedies and/or failed to meet all conditions precedent to entitlement to benefits under the Plan, the Defendants assert that defense.

6. Defendants assert the defenses of accord and satisfaction, payment, release, waiver, and estoppel.

7. Defendants assert the defense of set off and assert the right to offset any earnings or collateral source payments against damages.

8. To the extent that the doctrine of after-acquired evidence applies, Defendants assert that Plaintiff's damages, if any, must be denied or reduced pursuant to that doctrine.

9. Any injuries or losses suffered by Plaintiff, if any there were, were not caused by Defendants, and any such injuries or losses were caused by Plaintiff or by a third party who was outside the control of Defendants.

10. Plaintiff is not entitled to punitive or extracontractual damages on his claim because such damages are not cognizable under ERISA.

11. Any claims for punitive or extracontractual damages would violate Defendants' constitutional rights because they would, among other things, violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution

12. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceedings in this case and that they reserve the right to amend this answer after they have had an opportunity to further investigate Plaintiff's claim.

## Conclusion

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by his claims, that final judgment be entered in favor of Defendants, that Defendants recover from Plaintiff their costs and reasonable attorneys' fees, and that this Court grant Defendants such other relief, general and special, legal and equitable, to which they may be justly entitled.

Dated:  December 13, 2007

                                        Respectfully submitted,


                                        __/s/ Rachel B. Cochran_____
                                        Rachel B. Cochran (D.C. Bar No. 500251)
                                        Baker Botts L.L.P.
                                        1299 Pennsylvania Avenue, N.W.
                                        Washington, D.C., 20004-2400
                                        (202) 639-7700
                                        rachel.cochran@bakerbotts.com

                                        Maryanne Lyons
                                        Baker Botts L.L.P.
                                        One Shell Plaza
                                        910 Louisiana
                                        Houston, TX 77002
                                        (713) 229-1632

                                        Attorneys for Defendants